Olayiwola O. Oduyingbo (RI Bar No. 9427)
Odu@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone: (401) 209-2029
Facsimile: (401) 217-2299

*Attorney for Plaintiff*
*Renat Razumov*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

RENAT RAZUMOV, an individual,

Plaintiff,

v.

DELTA DENTAL OF RHODE ISLAND,

Defendant.

Case No. ________________

**COMPLAINT FOR:**

1. **Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;**
2. **Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*.;**
3. **Violation of the Family and Medical Leave Act 29 U.S.C. § 2601 *et seq*.;**
4. **Violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et seq*.;**
5. **Violation of the Rhode Island Parental and Family Medical Leave Act, R.I. Gen. Laws § 28-48-1 *et seq.*;**
6. **Violation of the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1 *et seq*.;**
7. **Violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I. Gen. Laws § 42-87-1 *et seq.***

**<u>DEMAND FOR JURY TRIAL</u>**

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**TABLE OF CONTENTS**

SUMMARY OF THE ACTION ........ 1
PARTIES ........ 1
JURISDICTION ........ 1
VENUE ........ 2
FACTUAL BACKGROUND AND GENERAL ALLEGATIONS ........ 2
Delta Dental Subjected Renat to National Origin Discrimination ........ 3
Defendant was Hostile Towards Renat Because of His Disabilities ........ 3
Renat Applied for FMLA Leave ........ 4
Renat is Terminated the Day He Returns from FMLA Leave ........ 6
Renat Exhausted His Administrative Remedies and Brings this Action ........ 6
CLAIMS FOR RELIEF ........ 6
PRAYER FOR RELIEF ........ 14
DEMAND FOR JURY TRIAL ........ 14

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

# COMPLAINT

## SUMMARY OF THE ACTION

1. Plaintiff Renat Razumov ("Plaintiff" or "Renat") brings this action against his former employer, Delta Dental of Rhode Island ("Defendant" or "Delta Dental"), seeking compensatory and punitive damages, civil penalties, counsel fees, costs and other equitable relief arising out of violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Rhode Island Fair Employment Practices Act ("FEPA"), R.I. Gen. Laws § 28-5-1 *et seq.*; the Rhode Island Civil Rights Act of 1990 ("RICRA"), R.I. Gen. Laws § 42-112-1 *et seq.*; the Rhode Island Civil Rights of People with Disabilities Act ("RICRPDA"), R.I. Gen. Laws § 42-87-1 *et seq.*; the Rhode Island Parental and Family Medical Leave Act ("RIPFMLA"), R.I. Gen. Laws § 28-48-1 *et seq.*; and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Plaintiff hereby alleges as follows:

## PARTIES

2. Plaintiff is a citizen and resident of Providence, Rhode Island.

3. Defendant is a non-profit corporation organized under the laws of the state of Rhode Island.

4. Defendant was Plaintiff's "employer" within the meaning of all relevant statutes.

## JURISDICTION

5. The United States District Court for the District of Rhode Island has federal subject matter jurisdiction under 28 U.S.C. § 1331 because the claims asserted arise under federal law, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act, 29 U.S.C § 2601 *et seq.*

6. The United States District Court for the District of Rhode Island has supplemental jurisdiction under 28 U.S.C. § 1367 for the state claims set forth herein, which arise out of a common nucleus of operative fact as the claims over which the Court has original subject matter jurisdiction.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

7. The United States District Court for the District of Rhode Island has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with the District. Defendant employed Plaintiff within this District. The exercise of personal jurisdiction by this Court is both proper and necessary.

## VENUE

8. Venue is proper under 28 U.S.C. § 1391(b)(1) as Defendant resides in this District and under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

9. Renat is of Belarussian national origin.

10. Renat was the only person of Belarussian national origin and the only Russian speaking person on his team.

11. Renat has diagnosed posttraumatic stress disorder ("PTSD") stemming from a near-fatal motorcycle accident which results in flashbacks and anxiety along with difficulties concentrating, sleeping, and changes in mood. Renat also suffers from chronic kidney pain and improper kidney function.

12. Renat regularly exercises to help manage his symptoms.

13. Prior to Renat's employment with Defendant, he had numerous years of experience working in Information Technology ("IT").

14. Renat was hired by Defendant in June 2023 as the IT Team Lead.

15. Renat's first day of work with Defendant was on or about June 26, 2023.

16. Throughout Renat's employment he was a satisfactory employee.

17. Throughout his employment Renat never received a disciplinary action, nor was he placed on a performance improvement plan.

18. At the time of Renat's hire, his supervisor was Jason Siakowski ("Jason"), the Senior Director of Information Security ("IS").

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Delta Dental Subjected Renat to National Origin Discrimination**

19. Throughout Renat's employment with Delta Dental, his Supervisor, Jason and William Simpson ("William"), the Director of IS, made discriminatory remarks regarding Renat's Belarussian national origin.

20. For example, they would refer to Renat as "one of the bad guys" or the "enemy."

21. They also said, "your place of birth is a security risk."

22. Jason and William are white Americans.

23. Jason and William consistently made comments like this based on stereotypes regarding Renat's nationality.

24. Nevertheless, Renat continued to go above and beyond to improve the IT systems that Defendant had in place and repeatedly completed work that was outside the scope of his position in an effort to improve Defendant's operations.

25. After Renat began working for Defendant, Defendant hired William as the Director of IS.

26. Jason expressed clear favoritism toward William, who is American, not disabled, and had less experience in IT than Renat.

27. Jason repeatedly stated that William would take over Renat's responsibilities.

**Defendant was Hostile Towards Renat Because of His Disabilities**

28. Defendant was aware of Renat's PTSD and kidney condition.

29. Defendant failed to keep Renat's disabilities confidential.

30. Jason questioned Renat about his disabilities, asking Renat "aren't you dealing with kidney issues?"

31. To manage his disability symptoms, Renat stays physically active, including running.

32. Thomas Chase ("Thomas") is the Chief Operating Officer of Defendant.

33. Renat, Jason, and William all reported to Thomas.

34. Thomas frequently threatened that individuals should be terminated because of their disabilities.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

35. On several occasions, individuals were terminated because they had a disability.

36. For example, Jason and Renat hired Michael Konan ("Michael"). A few days into Michael's employment with Delta Dental, it came up during a meeting that he has diabetes.

37. Michael was fired within days of this conversation and only worked for Delta Dental for one week.

38. As another example, Thomas frequently stated they should terminate Paul, who had suffered a heart attack. Thomas frequently referenced Paul's health and said he did not want him on his team and that they should fire and replace him.

39. On several occasions, Thomas made negative remarks about Renat's disabilities.

40. Thomas also mocked and minimized Renat's disabilities.

41. Renat consistently took on additional responsibilities outside of his job description, which resulted in immense pressure and an overwhelming amount of responsibility.

42. Renat was also only permitted to work from home one day per week, even though his contract provided he could work from home two days per week.

43. The work environment and conditions exacerbated Renat's PTSD symptoms.

44. Throughout Renat's employment, Defendant had a shortage of laptops, thus forcing Renat to use his personal laptop while working from home in accordance with his hybrid work schedule.

45. When working remotely, Renat would connect to a secure VPN, thereby granting him access to Defendant's server so that he could perform his work responsibilities.

46. Renat's practice of connecting to the VPN from his personal laptop while working remotely was well known and never an issue among his colleagues or supervisors.

**<u>Renat Applied for FMLA Leave</u>**

47. Renat applied for medical leave pursuant to the FMLA for his PTSD.

48. Defendant approved Renat's request, and pursuant to the FMLA, on August 29, 2024, Renat began his medical leave which was initially set to end on September 29, 2024.

49. While on leave and receiving treatment from a licensed therapist for his PTSD symptoms, Renat was contacted multiple times to complete work assignments.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

50. These requests to complete work assignments exacerbated Renat's PTSD symptoms.

51. After this initial period of FMLA leave ended, Renat sought an extension for his medical leave due to his PTSD symptoms.

52. On or about November 5, 2024, Defendant notified Renat that his treating physician had not submitted the documentation needed to support an extension of his medical leave, and threatened to terminate Renat's employment if he did not submit these documents.

53. Fearful that he would lose his job, Renat returned to work on November 8, 2024, with the necessary documentation from his physician. While on approved FMLA leave and awaiting approval of his extension, Renat was required to perform work assignments for Defendant.

54. While at the office, Renat met with Delta Dental's Senior Director of Human Resources, Elizabeth Walsh, and requested an extension of his FMLA leave.

55. This day, Renat met with colleagues and was asked to download the InTune software onto his personal laptop to facilitate its development.

56. Prior to starting FMLA leave, Renat was responsible for improving Delta Dental's online security policies. In doing so, he was leading the development and implementation of Microsoft InTune, a newly developed software designed to monitor a computer's usage.

57. In fear of losing his job, Renat agreed and downloaded InTune. Renat downloaded the monitoring software onto his personal laptop while on approved FMLA leave, as a condition of obtaining approval of his FMLA extension.

58. Ms. Walsh subsequently approved Renat's extension until November 25, 2024.

59. Renat resumed his medical leave.

60. However, since InTune's software was still in development, it monitored all activity on Renat's personal laptop, regardless of whether he was connected to Defendant's VPN or working on work assignments.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

61. Consequently, InTune's software monitored Renat's personal use of his laptop while on medical leave. This included activity that was entirely personal and wholly unrelated to Renat's employment with Defendant.

**Renat is Terminated the Day He Returns from FMLA Leave**

62. On November 10, 2024, while still on approved leave, Delta Dental notified Renat that there was a "security breach" on his personal computer, and that he would be immediately locked out of all his accounts.

63. On November 25, 2024, Renat's first day back from leave, Delta Dental terminated his employment.

64. Delta Dental cited an alleged security issue as the termination reason.

65. The monitoring software that Defendant required Renat to install on his personal device as a condition of his FMLA extension approval ultimately became the stated basis for his termination on November 25, 2024.

66. Since being terminated, William has taken over some of Renat's job responsibilities, just as Jason stated he would, and William was promoted to the Director of IT.

**Renat Exhausted His Administrative Remedies and Brings this Action**

67. On May 13, 2025, Renat filed a Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the United States Equal Employment Opportunity Commission ("EEOC").

68. On January 13, 2026, RICHR issued Renat the Right to Sue. On April 1, 2026, the EEOC issued Renat the Right to Sue.

69. Renat has therefore, timely and properly exhausted administrative remedies and satisfied all preconditions of filing this action.

**CLAIMS FOR RELIEF**

70. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**First Claim for Relief**

*Disability Discrimination in Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.*

71. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct including discriminating against Renat based on a disability. Renat is disabled within the meaning of the ADA. Renat requested reasonable accommodations, which he is entitled to, for his disability. Defendant discriminated against Renat and terminated him, at least in part, due to his disability. Defendant's actions were in violation of the ADA and thereby deprived Renat of his rights secured under this Act, causing him to suffer the damages aforesaid.

**Second Claim for Relief**

*Disability Discrimination in Violation of Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 et seq.*

72. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct including discriminating against Renat based on a disability. Renat is disabled within the meaning of the FEPA. Renat requested reasonable accommodations, which he is entitled to, for his disability. Defendant discriminated against Renat and terminated him, at least in part, due to his disability. Defendant's actions were in violation of the FEPA and thereby deprived Renat of his rights secured under this Act, causing him to suffer the damages aforesaid.

**Third Claim for Relief**

*Disability Discrimination in Violation of Rhode Island Civil Rights of People with Disabilities Act, R.I. Gen. Laws § 42-87-1 et seq.*

73. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct including discriminating against Renat based on a disability. Renat is disabled within the meaning of the RICRPDA. Renat requested reasonable accommodations, which he is entitled to, for his disability. Defendant

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

discriminated against Renat and terminated him, at least in part, due to his disability. Defendant's actions were in violation of the RICRPDA and thereby deprived Renat of his rights secured under this Act, causing him to suffer the damages aforesaid.

**Fourth Claim for Relief**

*Disability Discrimination in Violation of Rhode Island Civil Rights Act,*

*R.I. Gen. Laws § 42-112-1 et seq.*

74. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct including discriminating against Renat based on a disability. Renat is disabled within the meaning of the RICRA. Renat requested reasonable accommodations, which he is entitled to, for his disability. Defendant discriminated against Renat and terminated him, at least in part, due to his disability. Defendant's actions were in violation of the RICRA and thereby deprived Renat of his rights secured under this Act, causing him to suffer the damages aforesaid.

**Fifth Claim for Relief**

*Retaliation in Violation of the Americans with Disabilities Act,*

*42 U.S.C. § 12101 et seq.*

75. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct including retaliating against Renat for engaging in protected activity (i.e. requesting reasonable accommodation). Specifically, Renat engaged in protected activity by requesting and utilizing medical leave to treat his PTSD and by requesting that Defendant honor the contractual provision permitting him to work from home two days per week, both of which constituted reasonable accommodations for his disabilities of which Defendant was aware. Immediately upon return from medical leave, Defendants terminated Renat's employment under the pretext of security violations. Defendant's actions were in violation of the ADA and thereby deprived Renat of his rights secured under this Act, causing him to suffer the damages aforesaid.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Sixth Claim for Relief**

*Retaliation in Violation of Rhode Island Fair Employment Practices Act,*

*R.I. Gen. Laws § 28-5-1 et seq.*

76. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct including retaliating against Renat for engaging in protected activity (i.e. requesting reasonable accommodation). Specifically, Renat engaged in protected activity by requesting and utilizing medical leave to treat his PTSD and by requesting that Defendant honor the contractual provision permitting him to work from home two days per week, both of which constituted reasonable accommodations for his disabilities of which Defendant was aware. Immediately upon return from medical leave, Defendants terminated Renat's employment under the pretext of security violations. Defendant's actions were in violation of the FEPA and thereby deprived Renat of his rights secured under this Act, causing him to suffer the damages aforesaid.

**Seventh Claim for Relief**

*Retaliation in Violation of Rhode Island Civil Rights of*

*People with Disabilities Act,*

*R.I. Gen. Laws § 42-87-1 et seq.*

77. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct including retaliating against Renat for engaging in protected activity (i.e. requesting reasonable accommodation). Specifically, Renat engaged in protected activity by requesting and utilizing medical leave to treat his PTSD and by requesting that Defendant honor the contractual provision permitting him to work from home two days per week, both of which constituted reasonable accommodations for his disabilities of which Defendant was aware. Immediately upon return from medical leave, Defendants terminated Renat's employment under the pretext of security violations. Defendant's actions were in violation of the RICRPDA and thereby deprived Renat of his rights secured under this Act, causing him to suffer the damages aforesaid.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Eighth Claim for Relief**

*Retaliation in Violation of Rhode Island Civil Rights Act,*

*R.I. Gen. Laws § 42-112-1 et seq.*

78. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct including retaliating against Renat for engaging in protected activity (i.e. requesting reasonable accommodation). Specifically, Renat engaged in protected activity by requesting and utilizing medical leave to treat his PTSD and by requesting that Defendant honor the contractual provision permitting him to work from home two days per week, both of which constituted reasonable accommodations for his disabilities of which Defendant was aware. Immediately upon return from medical leave, Defendants terminated Renat's employment under the pretext of security violations. Defendant's actions were in violation of the RICRA and thereby deprived Renat of his rights secured under this Act, causing him to suffer the damages aforesaid.

**Ninth Claim for Relief**

*National Origin Discrimination in Violation of Title VII of the Civil Rights Act of 1964,*

*42 U.S.C. § 2000e et seq.*

79. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct including discriminating against Renat based on his national origin. Renat was the only Belarussian individual on his team. Defendant made numerous discriminatory remarks towards Renat relating to his Belarussian heritage, notably accusing Renat of being a security threat, an "enemy," and stating his "place of birth is a security risk." Defendant then terminated Renat alleging there was a security breach on Renat's personal computer while he was on medical leave. Defendant's actions were in violation of Title VII and thereby deprived Renat of his rights secured under this Act, causing him to suffer the damages aforesaid.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Tenth Claim for Relief**

*National Origin Discrimination Violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 et seq.*

80. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct including discriminating against Renat based on his national origin. Renat was the only Belarussian individual on his team. Defendant subjected Renat to disparate treatment, by threatening to replace Renat with less experienced, non-Belarusian alternative employees. Defendant also made numerous discriminatory remarks towards Renat relating to his Belarussian heritage, notably accusing Renat of being a security threat and an "enemy." Defendant's actions were in violation of FEPA and thereby deprived Renat of his rights secured under this Act, causing him to suffer the damages aforesaid.

**Eleventh Claim for Relief**

*National Origin Discrimination in Violation of the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1 et seq.*

81. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct including discriminating against Renat based on his national origin. Renat was the only Belarussian individual on his team. Defendant subjected Renat to disparate treatment, by threatening to replace Renat with less experienced, non-Belarusian alternative employees. Defendant also made numerous discriminatory remarks towards Renat relating to his Belarussian heritage, notably accusing Renat of being a security threat and an "enemy." Defendant's actions were in violation of RICRA and thereby deprived Renat of his rights secured under this Act, causing him to suffer the damages aforesaid.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Twelfth Claim for Relief**

*Retaliation in Violation of the Family and Medical Leave Act,*

*29 U.S.C. § 2601 et seq.*

82. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct including retaliating against Renat for attempting to exercise his rights provided for under this Act. While on approved FMLA leave, Defendant removed all of Renat's access, and immediately upon his return from leave terminated his employment. Defendant's actions were in violation of the FMLA and thereby deprived Renat of his rights secured under this Act, causing him to suffer the damages aforesaid.

**Thirteenth Claim for Relief**

*Interference in Violation of the Family and Medical Leave Act,*

*29 U.S.C. § 2601 et seq.*

83. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct including interfering with Renat's right to leave under this Act. While on approved FMLA leave, Defendant contacted Renat, required him to work, and threatened to terminate Renat. Specifically, Defendant: (1) threatened to terminate Renat's employment while he was on approved FMLA leave; (2) required Renat to physically report to the office and perform work assignments on November 8, 2024, while still on approved FMLA leave; and (3) required Renat to install monitoring software (InTune) on his personal laptop as a condition of approving his FMLA extension, which software subsequently surveilled Renat's entirely personal use of his own device throughout the remainder of his approved leave and formed the stated basis for his termination upon return. Defendant's actions were in violation of the FMLA and thereby deprived Renat of his rights secured under this Act, causing him to suffer the damages aforesaid.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## Fourteenth Claim for Relief

*Retaliation in Violation of the Rhode Island Parental and Family Medical Leave Act,*

*R.I. Gen. Laws § 28-48-1 et seq.*

84. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct including retaliating against Renat for attempting to exercise his rights provided for under this Act. Renat was approved for an extension of medical leave in order to treat his PTSD. Yet upon completion of this leave, Renat was terminated. Defendant's actions were in violation of RIPFMLA and thereby deprived Renat of his rights secured under this Act, causing him to suffer the damages aforesaid.

## Fifteenth Claim for Relief

*Interference in Violation of the Rhode Island Parental and Family Medical Leave Act,*

*R.I. Gen. Laws § 28-48-1 et seq.*

85. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct including interfering with Renat's right to leave under this Act. While on approved RIPFMLA leave, Defendant contacted Renat, required him to work, threatened to terminate Renat. Specifically, Defendant: (1) threatened to terminate Renat's employment while he was on approved RIPFMLA leave if he did not submit extension documentation; (2) required Renat to physically report to the office and perform work assignments on November 8, 2024, while still on approved RIPFMLA leave; and (3) required Renat to install monitoring software (InTune) on his personal laptop as a condition of approving his RIPFMLA extension, which software subsequently surveilled Renat's entirely personal use of his own device throughout the remainder of his approved leave and formed the stated basis for his termination upon return. Defendant's actions were in violation of the RIPFMLA and thereby deprived Renat of his rights secured under this Act, causing him to suffer the damages aforesaid.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays and respectfully requests that this Court grant the following relief:

A. A declaratory judgment declaring that the acts and/or omissions of Defendant, including, but not limited to those complained of herein, are in violation of the ADA, Title VII, FEPA, RICRPDA, RICRA, RIPFMLA, and FMLA;

B. An injunction directing Defendant to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated;

C. An injunction or other equitable relief, including, but not limited to, an award of back pay, front pay or reinstatement, and other compensation and/or benefits, and to make Plaintiff whole for all earnings and benefits Plaintiff would have received but for the violations;

D. An award of all actual, general, special, incidental, statutory, punitive, compensatory, liquidated, consequential, and/or restitutionary damages to which Plaintiff is entitled;

E. An award of prejudgment interest, reasonable attorneys' fees, and costs; and

F. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

Dated: April 10, 2026

**ODU LAW FIRM, LLC**

By: /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
RI Bar No. 9427
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com
**ATTORNEY FOR PLAINTIFF, RENAT RAZUMOV**